Sydney F. Foster, J.
This is a proceeding under article 78 of the CPLR to review certain determinations of the Water Resources Commission (hereinafter “ Commission ”) which:
1. Denied petitioners’ request, made pursuant to section 1205 (subd. 7, par. [c]) of the Public Health Law, for reclassification of a portion of Moodna Creek within Salisbury Mills, Orange County, at the site of petitioners’ paper mill;
2. Denied petitioners’ application, made pursuant to section 1224 of the Public Health Law, for an extension of time to comply with the present “ C ” (fishing) classification assigned to their portion of the stream; and
3. Denied petitioners’ request for a stay of a Health Department abatement hearing pending under section 1242 of the Public Health Law.
The background of the present controversy may be briefly stated. Pursuant to article 12 of the Public Health Law, and upon the State-wide classification system adopted by the former Water Pollution Control Board, the Water Resources Commission (successor to the Water Pollution Control Board) adopted a “ C ” classification and quality standard as to the waters of Moodna Creek within the area in question. The petitioners originally opposed any classification higher than Class “ D ” (agricultural or industrial water supply) at a public hearing conducted on April 27, 1961 before the former Water Pollution Control Board, but they brought no proceeding pursuant to section 1244 of the Public Health Law to review the adopted classification and standard which became effective on June 5, 1963 and August 27, 1963. It also appears from the papers in the record that since late 1962 the petitioners and the Plealth Department have been attempting to effectuate a voluntary pollution abatement program and schedule. It seems, however, that none of the voluntary activities of the petitioners has led to any final plans or to any achievement in abating the pollution conditions which allegedly contravene the “ C ” classification and quality standard.
The Commissioner of Health on June 23, 1964, therefore, pursuant to section 1242 of the Public Health Law, gave notice of a public hearing in proceedings to compel the abatement of discharges in contravention of the assigned standards. Although this hearing- was initially adjourned on consent, the Health Department is now stayed .by the court from acting, pending this article 78 review of the above-described determination's of the Water Resources Commission.
The Commission’s determinations were made upon requests contained in letters of petitioners’ attorney to the Commission. *125 dated March 18,1964 'and July 16,1964, for: (a) reclassification of the stream; (b) a public hearing for the purpose of extending time to comply with the “C ” classification; and (c) an order staying the Health Department from proceeding pending the decision on reclassification and during the extension of time which may have been granted.
Petitioners’ request for reclassification was essentially based upon general contentions that there has been some change in conditions since the date of classification, that the standard adopted was impracticable and unreasonable, and that financial hardship presented practical difficulties of compliance with the classification and standard. The Commission found, however, that petitioners’ letters “ do not present any basis for considering a classification of the stream different from that classification adopted and effective June 5, 1963.” Such a determination is not arbitrary or unreasonable since petitioners, who did not seek judicial review of the classification and standard within the time permitted for the review in 1963, fail to set forth any factual basis of a material change in any of the factors which the Commission, within its administrative province, is required to consider in adopting classifications and standards (see Public Health Law, § 1205). Financial considerations, moreover, have been expressly held by the courts to be without the scope of factors in the adoption of classifications (Matter of Town of Waterford v. Water Pollution Control Bd., 5 N Y 2d 171,179).
The question therefore becomes whether the refusal of the Commission to hold a public hearing at this time pursuant to section 1224 of the Public Health Law was outside the power of the Commission. The section in part gives the Commission power to grant extensions of time to any person, up to five years and beyond, within which to comply with the standards, determinations or orders of the Health Department or of the Commission, if, after a public hearing, the Commission finds that it is impossible or impracticable to comply, either because no adequate or practical method of disposal or treatment of sewage or industrial waste is known or because of financial inability to construct the necessary treatment works. In seeking this relief, petitioners asserted that the financial problems presented in order for them to comply with the adopted standards were beyond their present capabilities. The Commission, however, denied the application ‘ ‘ without prejudice to applicant’s right to renew if the applicant deems it advisable after the decision of the Commissioner of Health on the proceedings pending.” Concurrently the Commission denied peti *126 tioners ’ request for a stay of the Health Department hearing on the ground that ‘ ‘ it is not a matter over which the Commission has jurisdiction.”
Petitioners allege that such action of the Commission is arbitrary in that its denial of the application for a hearing, even ‘£ without prejudice ” to a right to renewafter the abatement proceeding, evades the plain intent and purpose of section 1224.
While it must be said that the section itself does not clearly indicate at which point in the implementation of the purposes of the Water Pollution Control Act (Public Health Law, art. 12) its relief is to be invoked, it must be pointed out that making its provisions mandatory upon the Commission in advance of the investigatory hearing and possible abatement order of the Commissioner of Health cannot be justified in view of the voluntary nature of the implementation procedures of the act up to this point. In the situation presented by this case, for example, petitioners have not been found to be discharging wastes at their mill in violation of Class “ C ” standards (or have not consented to any such determination) and have not been ordered to abate such discharges; hence at present there is no order or requirement resting upon petitioners for which they may seek ‘ ‘ postponement, stay, extension of time or other dilatory relief ” under section 1224.
Furthermore, in the event that such an abatement order is entered by the Commissioner of Health, it is provided that not only may review be had before the Water Besources Commission (Public Health Law, § 1245) and then in the courts as provided in article 78 of the CPLB (Public Health Law, § 1244), but in the case of discharges of sewage and wastes existing at the time of the enactment of the article 12 of the Public Health Law, which it is assumed is the situation at petitioners’ mill, it is also provided that (except as to those discharges causing an actual or potential danger to public health): “no final order of discontinuance of discharge shall become absolute until one year after service of 'any order determining that such discharge constitutes pollution in contravention of the classifications made and standards adopted * * * and directing the alleged polluter to take such steps as may be necessary to abate the polluting content of such discharge to conform with the standards so established.” (Public Health Law, § 1223.)
It is concluded, therefore, that the Commission’s denial of the application under section 1224 of the Public Health Law was not arbitrary or wholly outside its power; request for such relief may be renewed at the proper stage of the implementation *127 procedures. Under this view of the Commission’s determinations, it is unnecessary to reach the question of the Commission’s denial of jurisdiction to stay the Health Department from proceeding with the hearing under section 1242 of the Public Health Law.
Stay contained within the order to show cause vacated. Judgment may be entered denying relief and dismissing the petition on the merits, with costs to the respondents.